United States District Court
Southern District of Texas
**ENTERED**
May 02, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ORLANDO SANCHEZ,<br>TDCJ # 01197528<br><br>Petitioner,<br><br>VS.<br><br>BOBBY LUMPKIN, Director, Texas Department of Criminal Justice – Correctional Institutions Division,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 7:22-CV-112 |

**REPORT AND RECOMMENDATION**

Petitioner Orlando Sanchez, a state prisoner proceeding *pro se*, initiated this action by filing a "Petition for Federal Writ of Habeas Corpus 224[1]a." In 2003, Sanchez was sentenced to 68 years of imprisonment after being convicted of murder. Although Sanchez invoked 28 U.S.C. § 2241 in the title of his petition, because the petition itself challenges his 2003 state-court conviction, the undersigned issued two orders pursuant to *Castro v. United States*, 540 U.S. 375, 382 (2003), in which the Court informed Sanchez that his habeas petition is governed by the specific habeas corpus statute found at 28 U.S.C. § 2254. The Court warned Sanchez that to the extent that his petition is characterized as governed by 28 U.S.C. § 2254, he may be prohibited from asserting additional claims in the future and from filing any second or successive application for relief under § 2254. The Court instructed Sanchez to either file an amended petition raising all the claims for relief that he has under 28 U.S.C. § 2254 or to file a motion to withdraw his petition and voluntarily dismiss this civil action. In response to the Court's directive, Sanchez has made clear his desire that his current petition not be treated as a petition under 28 U.S.C. § 2254.

Accordingly, for the reasons that follow, the undersigned magistrate judge recommends that the District Court dismiss without prejudice Sanchez's "Petition for Federal Writ of Habeas Corpus 224[1]a."

## I. BACKGROUND

On direct appeal, the Thirteenth Court of Appeals summarized the relevant facts and subsequent case history of Sanchez's state-court conviction as follows:

> [Sanchez] and the decedent had been engaged, but their engagement ended without the couple getting married. The two began seeing each other again. The decedent was telephoned by [Sanchez], who said he needed a ride because his vehicle was not working. The decedent left her home to assist [Sanchez].
>
> A resident in a Weslaco motel heard a woman screaming in a nearby room. That resident contacted peace officers and informed them of the screams. Those officers entered a motel room and saw both [Sanchez] and the decedent laying on the floor. A stun gun was on the floor near [Sanchez]. The windows to the room were painted shut, there was only one door entering the room, and that door had been barricaded by a heavy piece of furniture.
>
> The decedent was pronounced dead at the scene. [Sanchez] was transported to a nearby hospital and arrested for the murder of the decedent a short time later.
>
> The indictment alleged the offense of murder in four separate paragraphs that [Sanchez]: (1) intentionally or knowingly choked the decedent by hand; (2) intentionally or knowingly caused the death by manner and means unknown to the grand jury; (3) intending to cause serious bodily injury, committed an act clearly dangerous to human life, to wit: placed a stun gun to the decedent; and (4) intending to cause serious bodily injury, committed an act clearly dangerous to human life, to wit: by manner and means unknown to the grand jury. These paragraphs allege two of the three ways of committing murder in Texas. Under the penal code, "a person commits an offense if he (1) intentionally or knowingly causes the death of an individual, or (2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual." Tex. Pen. Code § 19.02(b)(1) & (2).
>
> Dr. Fulgencio Salinas, the laboratory director at Edinburg Regional Medical Center, performed the autopsy of the decedent and testified in court. He described bruising, scratches and lacerations to the decedent's body. Some of those injuries were consistent with a stun gun being triggered after contact with the decedent's skin. Dr. Salinas opined that the cause of death was asphyxia, meaning a lack of oxygen to the brain. Dr. Salinas concluded that the asphyxia was caused either by

> choking or being stunned by the stun gun. Specifically, he stated that bruising to the decedent's neck could have been caused by either a male hand squeezing the neck or use of the stun gun.

*Sanchez v. State*, No. 13-03-698-CR, 221 S.W.3d 769, 772–73 (Tex. App.—Corpus Christi-Edinburg 2007), *rev'd*, 376 S.W.3d 767 (Tex. Crim. App. 2012).

On September 18, 2003, Sanchez was convicted of murder following a jury trial in the 332nd District Court in Hidalgo County, Cause Number CR-1464-03-F, and sentenced to 68 years of imprisonment. *See id.*; *Inmate Info. Search,* Tex. Dep't of Crim. Just., https://inmate.tdcj.texas.gov/InmateSearch/start (last visited Apr. 24, 2023); *All Courts Case Search*, Tex. Jud. Branch, https://search.txcourts.gov/Case.aspx?cn=13-03-00698-CR&coa=coa13 (last visited Apr. 24, 2023). Sanchez filed a direct appeal of his conviction, arguing that the evidence at trial was legally and factually insufficient to prove (1) the specific intent to cause death; (2) the cause of death was by choking with hands; (3) the intent to cause serious bodily injury; and (4) the stun gun was the cause of the decedent's death. *See Sanchez*, 221 S.W.3d at 773. On March 15, 2007, the Thirteenth Court of Appeals of Texas held that the trial court committed reversible error by permitting the jury to convict Sanchez on theories not supported by the evidence—that is, that the jury instructions were erroneous because they permitted the State to convict under an unknown manner and means theory when the evidence at trial established a known manner and means. *Id.* at 776–81. The appeals court reversed the verdict and remanded the case for a new trial. *Id.* at 780. The State then filed a petition for discretionary review. *See Sanchez v. State*, 376 S.W.3d 767 (Tex. Crim. App. 2012). On May 16, 2012, the Texas Court of Criminal Appeals reversed the opinion of the Thirteenth Court of Appeals, finding that although it agreed that the jury instructions were erroneous, the error was harmless. *Id.* at 769,

774–76. The Court of Criminal Appeals rendered a judgment reinstating the judgment of the trial court. *Id.* at 776.

On March 30, 2022, the Clerk of Court for the Eastern District of Texas, Tyler Division, received a "Petition for Federal Writ of Habeas Corpus 224[1]a" from Sanchez. (Docket No. 1.) In his habeas petition, Sanchez challenges his 2003 murder conviction. Specifically, he argues that the State's failure to prove beyond a reasonable doubt the crime for which he was convicted violates the Due Process Clause of the Fifth Amendment; the evidence at trial was insufficient; and the State violated his right to substantive due process when it failed to "properly" determine the decedent's cause of death. (*Id.* at 3–10.) The Eastern District subsequently transferred Sanchez's habeas petition to this court because Sanchez's underlying conviction was in Hidalgo County. (*See* Docket No. 3.)

On May 23, 2022, the undersigned judge issued an Order and Notice pursuant to *Castro v. United States*, 540 U.S. 375 (2003). (*See* Docket No. 6.) The order explained that because Sanchez was challenging his state court conviction, despite Sanchez invoking 28 U.S.C. § 2241, a prisoner's challenge to a state-court judgment of conviction is governed by the specific habeas corpus statute found at 28 U.S.C. § 2254, and the limited standard of review enacted by the Antiterrorism and Effective Death Penalty Act (AEDPA). (*See id.*) The Court further explained that a state prisoner may not use the general provisions found in 28 U.S.C. § 2241 to circumvent restrictions that govern review under the specific habeas corpus statute found in § 2254. (*Id.*) The Court warned Sanchez pursuant to *Castro* that, to the extent that his petition is characterized as governed by 28 U.S.C. § 2254, he may be prohibited from asserting additional claims in the future and from filing any second or successive application for relief under § 2254. (*Id.*) Finally, the Court instructed Sanchez that within 30 days of the date of the order, Sanchez was to (1) file an amended petition

raising all the claims for relief that he has under 28 U.S.C. § 2254 using an attached form petition approved for use by state prisoners or any similar form available from the prison law library; or (2) file a motion to withdraw his petition and voluntarily dismiss this civil action. Sanchez was also warned that failure to comply with the Court's order may result in the dismissal of his case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure without further notice. Along with the Court's Order and Notice, the Clerk provided Sanchez with a form approved for use by state prisoners seeking relief under 28 U.S.C. § 2254.

Sanchez did not comply with the Court's order to file an amended petition raising all the claims for relief that he has under 28 U.S.C. § 2254 using an approved form petition or to file a motion voluntarily dismissing his case. Instead, Sanchez filed a "Rebuttal Notice[:] Improper Transfers and Improper Re-Characterization[,]" in which he argued that this case was improperly transferred from the Eastern District of Texas and that his petition is properly brought under 28 U.S.C. § 2241. (Docket No. 7.)

On November 3, 2022, the undersigned judge issued a second Order and Notice pursuant to *Castro*, again explaining to Sanchez that because he challenges his conviction, his petition is governed by the specific habeas corpus statute found at 28 U.S.C. § 2254 and he cannot use the general provisions found in 28 U.S.C. § 2241 to circumvent restrictions that govern review under § 2254. (*See* Docket No. 8.) The Court again warned Sanchez that to the extent that his petition is characterized as governed by 28 U.S.C. § 2254, he may be prohibited from asserting additional claims in the future and from filing any second or successive application for relief under § 2254, unless he first seeks and acquires approved from the Fifth Circuit. *See* 28 U.S.C. § 2244 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met). The Court then instructed Sanchez for a second time to either

(1) file an amended petition raising all the claims for relief that he has under 28 U.S.C. § 2254 using the attached form petition approved for use by state prisoners or any similar form available from the prison law library; or (2) to file a motion to withdraw his petition and voluntarily dismiss this civil action. Sanchez was again provided with a form approved for use by state prisoners seeking relief under 28 U.S.C. § 2254.

Sanchez did not respond to the Court's Second Order and Notice and has not otherwise communicated with the Court since filing his objections in June 2022.

## II. ANALYSIS

In this case, Sanchez has clearly evidenced his desire that his current petition not be treated as a petition under 28 U.S.C. § 2254. (*See* Docket No. 7 at 2) ("Petitioner contests the Court's re-characterization, and requests to proceed as a habeas action pursuant to § 2241"). Other courts, when confronted with a petitioner who does not want his habeas petition recharacterized after receiving a *Castro* warning, have treated the petitioner's objection as a motion to withdraw the petition and have granted the implicit motion. *See, e.g.*, *United States v. Moore*, 282 F. App'x 453, 456 (7th Cir. 2008) (finding that district court should have allowed movant to withdraw his petition when movant made it clear that he did not want the petition recharacterized as one under § 2255); *United States v. Bennett-Johnson*, No. 09-20049-DRH, 2010 WL 4687923, at *1 (C.D. Ill. Oct. 29, 2010) (dismissing habeas pleading without prejudice when defendant objected to the court's re-characterization of his motion after receiving a *Castro* warning); *Durrani v. Holencik*, No. 08CV1526LAB, 2009 WL 690088, at *3 (S.D. Cal. Mar. 11, 2009) (same).

Because Sanchez's instant habeas petition challenges his 2003 murder conviction and is therefore governed by the specific habeas corpus statute found at 28 U.S.C. § 2254 and the limited standard of review enacted by the AEDPA, and despite receiving notice pursuant to *Castro v.*

*United States*, 540 U.S. 375 (2003), Sanchez has clearly stated that he does not want his petition to be treated as one brought under § 2254, the court recommends that the District Court construe Sanchez's objection as a request to withdraw the petition and dismiss this case without prejudice.

## III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that the District Court construe the "Rebuttal Notice[:] Improper Transfers and Improper Re-Characterization[,]" filed by Petitioner Orlando Sanchez as containing an implicit motion to withdraw his "Petition for Federal Writ of Habeas Corpus 224[1]a" and to grant said motion. It is further recommended that Sanchez's "Petition for Federal Writ of Habeas Corpus 224[1]a" be dismissed without prejudice. For the reasons discussed below, it is further recommended that a certificate of appealability be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability[.]" 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, RULES GOVERNING SECTION 2254 PROCEEDINGS. Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability (COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a COA as to claims denied on their

merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* standard to a COA determination in the context of § 2255 proceedings). An applicant may also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Jones*, 287 F.3d at 329. As to claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

For the reasons explained in this report, the undersigned believes that reasonable jurists would not find debatable or wrong the conclusion that Petitioner's claims are governed by the specific habeas corpus statute found at 28 U.S.C. § 2254 and that based on Petitioner clearly stating that he does not want his petition to be treated as one brought under § 2254, dismissal without prejudice is proper. Accordingly, Petitioner is not entitled to a COA.

**NOTICE TO THE PARTIES**

The Clerk shall send copies of this Report and Recommendation to Petitioner, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

SO ORDERED, the 2nd of May, 2023 at McAllen, Texas.

NADIA S. MEDRANO
United States Magistrate Judge